UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON KASHMIR FLETCHER,

    Plaintiff,

v.                                        CAUSE NO. 3:20-CV-673 DRL-MGG

C. FULLER *et al.*,

    Defendants.

OPINION AND ORDER

Jason Kashmir Fletcher, a prisoner without a lawyer, filed a complaint (ECF 1) against nine defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Fletcher states that, on October 29, 2018, he injured his left foot while he was in the prison's gymnasium. ECF 1 at 7. After injuring his foot, correctional officers took him to the medical unit in a wheelchair because he could not walk as his foot was three times larger than normal and extremely painful. *Id*. When he arrived at the medical unit, Nurse P.S. appeared to be upset about having to treat him. *Id*. Nurse P.S. stated his examination would take less than five minutes, his foot was not

"that bad," and it was not broken. *Id*. She told him to stand up; however, he stated he would have difficulty doing so because his foot was so painful. *Id*. Mr. Fletcher states that when he attempted to stand up, he was able to do so, but it caused him to feel dizzy and sick to his stomach because he was in so much pain. *Id*. Nurse P.S. diagnosed him with a sprained foot and prescribed Tylenol, an ice pack, and crutches. *Id*. She told Mr. Fletcher he did not need an x-ray because his foot was not broken. *Id*.

The next day, on October 30, 2018, Mr. Fletcher states that he was in so much pain he could no longer climb up two flights of stairs or get into the top bunk in his room. ECF 1 at 7-8. He spent the next four days asking correctional officers to contact the medical unit. *Id*. at 8. When he finally received treatment, an x-ray showed he had broken the fifth metatarsal of his left foot. *Id*. Mr. Fletcher then met with Nurse P.S., who he claims was livid because she had gotten in trouble with her superiors by refusing to provide him with treatment for his foot. *Id*. He asserts that Nurse P.S. changed her attitude toward him when Mrs. Alm, a prison administrator, entered the room to explain what he needed to do for his foot. *Id*. at 5-6, 8. However, when Mrs. Alm left the room, Nurse P.S.'s hatred toward him came back and she explained that Mrs. Alm asked her to stop what she was doing and take care of his "lil boo boo." *Id*. at 8-9. At some point, Nurse D. Livers came into the room and asked Nurse P.S. to calm down. *Id*. at 9. Nurse P.S. then set Mr. Fletcher's foot with a splint and plaster cast. *Id*. However, Mr. Fletcher told Nurse P.S. something was wrong because the cast caused him to have more pain. *Id*. at 9. She told him to "shut up" and the cast would be fine once it dried. *Id*. After the cast dried, Mr.

2

Fletcher told Nurse P.S. it was still painful and he wanted to see a doctor, but his request was denied. *Id*.

During the next two weeks, Mr. Fletcher submitted multiple healthcare request forms because his foot was painful, and he was not able to get into his bunk or climb two flights of stairs. ECF 1 at 9. His splint and cast were adhered to his left foot in such a way that his broken small toe was sitting on top of his fourth toe, and his foot was exposed and painful. *Id*. at 9-10. Despite his many requests for help, Nurse C. Fuller returned his healthcare requests and did not treat him. *Id*. at 5, 9. However, Nurse Livers responded to his healthcare requests and was the only one who attempted to help him. *Id*.

Mr. Fletcher states that, because he had to walk a quarter of a mile in extreme weather conditions with his foot exposed and hurting, he removed his cast, covered his foot with an ace wrap and sock, and put his boot on. ECF 1 at 10. However, when Nurse P.S. saw him, she told him he was non-compliant with his treatment and the medical staff no longer had to help him. *Id*. Mr. Fletcher continued to ask for medical help and asked to see a doctor. *Id*. He was never treated by a doctor even though his second x-ray showed the break in his toe had worsened and was not healing. *Id*. Mr. Fletcher claims there is still something wrong with his toe and his toe has healed but it is now crooked and deformed. *Id*. at 10-11.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that

medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). A delay in providing treatment can constitute deliberate indifference when it

4

causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Accepting Mr. Fletcher's allegations as true and giving him the benefit of the inferences to which he is entitled, as the court must at this stage of the proceedings, he has alleged facts from which it can be inferred that Nurse P.S. was deliberately indifferent to his serious medical need for treatment for his broken left foot.

With respect to Nurse Fuller and Nurse Livers, Mr. Fletcher asserts they also violated his Eighth Amendment rights by refusing to properly treat his left foot. ECF 1 at 5, 9. Here, he asserts that Nurse Fuller returned his healthcare request forms and delayed his recovery by refusing to respond to his urgent need for treatment. ECF 1 at 5, 1-1 at 2, 5, 7-9. While additional factfinding may reveal that Nurse Fuller simply made errors in medical judgment, giving Mr. Fletcher the benefit of the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim against her. However, with respect to Nurse Livers, Mr. Fletcher asserts she attempted to provide him with medical treatment, but her efforts were impeded by her superiors. ECF 1 at 5. Because he has not alleged facts to show Nurse Livers was deliberately indifferent to his requests for medical help, he cannot proceed against her.

Mr. Fletcher has sued the Westville Medical Staff. However, Mr. Fletcher cannot sue unnamed members of the prison's medical staff. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke*

5

*v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, he may not proceed against this defendant.

Mr. Fletcher has also named Healthcare Administrator (HCA) D. Lewis, who oversees the nursing staff, and Warden Sevier, who oversees the prison, as defendants in this case. ECF 1 at 5-6. A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Although Mr. Fletcher alleges that HCA Lewis and Warden Sevier did not provide him with appropriate medical care for his broken left foot, he has not alleged they were not personally involved in the incident and cannot be held liable simply because they oversee and supervise prison staff. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Mr. Fletcher cannot proceed against these two defendants.

Next, Mr. Fletcher has also sued Grievance Specialist John Harvil because he purposely delayed processing his grievances by telling him he had not received his paperwork. ECF 1 at 6. But Mr. Fletcher has no constitutional right to access the grievance process. *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). He may not proceed against Grievance Specialist Harvil.

To the extent Mr. Fletcher has sued Mrs. Alm, he has not alleged she violated his constitutional rights. ECF 1 at 5-6, 8-9. Instead, Mr. Fletcher credits Mrs. Alm with getting him treatment for his left foot. *Id.* at 5-6. However, while Mr. Fletcher also claims that

6

Mrs. Alm did not respond to his initial grievance regarding his medical care, as stated, he has no constitutional right to access the grievance process. *Grieveson*, 538 F.3d at 770. Mr. Fletcher may not proceed against Mrs. Alm.

As a final matter, Mr. Fletcher has sued Dr. Jackson because he did not respond to his healthcare requests for treatment for his left foot. ECF 1 at 6. When he met with Dr. Jackson during a routine appointment, he states Dr. Jackson checked his computer and told him there were no requests in the system about his foot. *Id*. Because Mr. Fletcher has not alleged facts that show Dr. Jackson was personally involved in any treatment pertaining to his left foot, he may not proceed against him. *Palmer,* 327 F.3d at 594.

Therefore, the court:

(1) GRANTS Jason Kashmir Fletcher leave to proceed against Nurse P.S. in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical need for treatment for his left foot, in violation of the Eighth Amendment;

(2) GRANTS Jason Kashmir Fletcher leave to proceed against Nurse C. Fuller in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical need treatment for his left foot, in violation of the Eighth Amendment;

(3) DISMISSES Westville Medical Staff, Nurse D. Livers, HCA D. Lewis, Mrs. Alm, Dr. Jackson, Grievance Specialist John Harvil, and Warden Sevier;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse P.S. and Nurse C. Fuller at Wexford of Indiana, LLC, 9245 N. Meridian Street, Indianapolis, IN 46260 with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Wexford of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if it has such information; and

(7) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse P.S. and Nurse C. Fuller respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 21, 2021                                   *s/ Damon R. Leichty*
                                               Judge, United States District Court